# EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X
KISHA COSTON,

                                              Plaintiff,

- against -

REGAL ENTERTAINMENT GROUP,
SHORE PARKWAY ASSOCIATES, LLC,
SHORE PARKWAY OWNER, LLC and JORACHE
ENTERPRISES, INC.,

                                          Defendants.
-----------------------------------------------------------------X
To the above-named Defendant:

Index No.:
Date filed:

Plaintiff designates
KINGS County
As Place of Trial

The basis of venue is
Place of accident

**SUMMONS**

Plaintiff resides at
260 Buffalo Ave.
Brooklyn, NY 11213

      YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve a copy of your answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the date of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: New York, New York
          February 22, 2019

                                        Yours, etc.,

                                        BURNS & HARRIS, ESQS.
                                        Attorneys for Plaintiff

                                        ANDREW G. MEIER
                                        233 Broadway – Suite 900
                                        New York, New York 10279
                                        (212) 393-1000

REGAL ENTERTAINMENT GROUP
*Via Secretary of State*

SHORE PARKWAY ASSOCIATES, LLC
C/O Jordache Enterprises
1400 Broadway, 15th Floor
New York, New York 10018

SHORE PARKWAY ASSOCIATES, LLC
*Via Secretary of State*

Case 1:19-cv-05761-CBA-SJB   Document 1-1   Filed 10/11/19   Page 3 of 17 PageID #: 8

From: Jennifer Figueroa   Fax: 18773656753   To:   Fax: (888) 325-8127   Page: 3 of 17   E 04/17/2019 10:11 AM   019
NYSCEF DOC. NO. 1   RECEIVED NYSCEF: 02/22/2019

SHORE PARKWAY OWNER, LLC
C/O Nakash Holdings
1400 Broadway, Fl 15
New York, New York 10018

SHORE PARKWAY OWNER, LLC
*Via Secretary of State*

JORACHE ENTERPRISES, INC.
1400 Broadway, 15th Floor
New York, New York 10018

JORACHE ENTERPRISES, INC.
*Via Secretary of State*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------------X
KISHA COSTON,

                    Plaintiff,

       - against -

REGAL ENTERTAINMENT GROUP,
SHORE PARKWAY ASSOCIATES, LLC,
SHORE PARKWAY OWNER, LLC and JORACHE
ENTERPRISES, INC.,

                    Defendants.
-----------------------------------------------------------------------X

Index No.:

VERIFIED
COMPLAINT

      Plaintiff, complaining of the defendants through her attorneys, BURNS & HARRIS, ESQS., alleges upon information and belief (unless specified otherwise):

      1.     That at all times mentioned herein, plaintiff KISHA COSTON was and still is a resident of the County of Kings, City and State of New York.

      2.     That at all times mentioned herein, the defendant, REGAL ENTERTAINMENT GROUP, was the owner of the premises known as 3907 Shore Parkway, County of Kings, City and State of New York.

      3.     That at all times mentioned herein, the defendant, REGAL ENTERTAINMENT GROUP, its servants, agents and/or employees operated the premises known as 3907 Shore Parkway, County of Kings, City and State of New York.

      4.     That at all times mentioned herein, the defendant, REGAL ENTERTAINMENT GROUP, its servants, agents and/or employees maintained the premises known as 3907 Shore Parkway, County of Kings, City and State of New York.

      5.     That at all times mentioned herein, the defendant, REGAL ENTERTAINMENT GROUP, its servants, agents and/or employees managed the premises known as 3907 Shore Parkway, County of Kings, City and State of New York.

6. That at all times mentioned herein, the defendant, REGAL ENTERTAINMENT GROUP, its servants, agents and/or employees controlled the premises known as 3907 Shore Parkway, County of Kings, City and State of New York.

7. That at all times mentioned herein, the defendant, REGAL ENTERTAINMENT GROUP, its servants, agents and/or employees supervised the premises known as 3907 Shore Parkway, County of Kings, City and State of New York.

8. That at all times mentioned herein, the defendant, REGAL ENTERTAINMENT GROUP, its servants, agents and/or employees designed the premises known as 3907 Shore Parkway, County of Kings, City and State of New York.

9. That at all times mentioned herein, the defendant, REGAL ENTERTAINMENT GROUP, its servants, agents and/or employees constructed the premises known as 3907 Shore Parkway, County of Kings, City and State of New York.

10. That at all times mentioned herein defendant REGAL ENTERTAINMENT GROUP its servants, agents and/or employees performed repairs upon the premises known as 3907 Shore Parkway, County of Kings, City and State of New York.

11. That at all times mentioned herein, it was the duty of the defendant REGAL ENTERTAINMENT GROUP its servants, agents and/or employees to properly and adequately maintain the premises known as 3907 Shore Parkway, County of Kings, City and State of New York in a reasonably safe and suitable condition and repair.

12. That at all times mentioned herein, there existed a certain interior stairs and/or steps upon the premises located at 3907 Shore Parkway, County of Kings, City and State of New York.

13. That at all times mentioned herein, defendant REGAL ENTERTAINMENT GROUP its agents, servants and/or employees designed said interior stairs and/or steps upon said premises.

Case 1:19-cv-05761-CBA-SJB Document 1-1 Filed 10/11/19 Page 6 of 17 PageID #: 11

From: Jennifer Figueroa  Fax: 18773656753  To:  Fax: (888) 325-8127  Page: 6 of 17  E 04/17/2019 10:11 AM  019
NYSCEF DOC. NO. 1  RECEIVED NYSCEF: 02/22/2019

14. That at all times mentioned herein, defendant REGAL ENTERTAINMENT GROUP its agents, servants and/or employees installed said interior stairs and/or steps upon said premises.

15. That at all times mentioned herein, defendant REGAL ENTERTAINMENT GROUP its agents, servants and/or employees constructed said interior stairs and/or steps upon said premises.

16. That at all times mentioned herein, it was the duty of the defendant, REGAL ENTERTAINMENT GROUP, its servants, agents and/or employees to properly and adequately maintain the said interior stairs and/or steps of said premises in a reasonably safe and suitable condition and repair.

17. That at all times mentioned herein, defendant, REGAL ENTERTAINMENT GROUP, its agents, servants and/or employees, failed to properly and adequately maintain said interior stairs and/or steps upon the premises known as 3907 Shore Parkway, County of Kings, City and State of New York

18. That at all times mentioned herein, defendant SHORE PARKWAY ASSOCIATES, LLC was a foreign limited liability company duly organized and existing under and by virtue of the laws of the State of Delaware.

19. That at all times mentioned herein, defendant SHORE PARKWAY ASSOCIATES, LLC was a foreign limited liability company duly authorized to conduct business in the State of New York.

20. That at all times mentioned herein, defendant SHORE PARKWAY ASSOCIATES, LLC was a limited liability company or other business entity doing business in the State of New York, pursuant to the laws of the State of New York

21. That at all times mentioned herein, the defendant, SHORE PARKWAY ASSOCIATES, LLC, was the owner of the premises known as 3907 Shore Parkway, County of Kings, City and State of New York.

22. That at all times mentioned herein, the defendant, SHORE PARKWAY ASSOCIATES, LLC, its servants, agents and/or employees operated the premises known as 3907 Shore Parkway, County of Kings, City and State of New York.

23. That at all times mentioned herein, the defendant, SHORE PARKWAY ASSOCIATES, LLC, its servants, agents and/or employees maintained the premises known as 3907 Shore Parkway, County of Kings, City and State of New York.

24. That at all times mentioned herein, the defendant, SHORE PARKWAY ASSOCIATES, LLC, its servants, agents and/or employees managed the premises known as 3907 Shore Parkway, County of Kings, City and State of New York.

25. That at all times mentioned herein, the defendant, SHORE PARKWAY ASSOCIATES, LLC, its servants, agents and/or employees controlled the premises known as 3907 Shore Parkway, County of Kings, City and State of New York.

26. That at all times mentioned herein, the defendant, SHORE PARKWAY ASSOCIATES, LLC, its servants, agents and/or employees supervised the premises known as 3907 Shore Parkway, County of Kings, City and State of New York.

27. That at all times mentioned herein, the defendant, SHORE PARKWAY ASSOCIATES, LLC, its servants, agents and/or employees designed the premises known as 3907 Shore Parkway, County of Kings, City and State of New York.

28. That at all times mentioned herein, the defendant, SHORE PARKWAY ASSOCIATES, LLC, its servants, agents and/or employees constructed the premises known as 3907 Shore Parkway, County of Kings, City and State of New York.

29. That at all times mentioned herein defendant SHORE PARKWAY ASSOCIATES, LLC, its servants, agents and/or employees performed repairs upon the premises known as 3907 Shore Parkway, County of Kings, City and State of New York.

30. That at all times mentioned herein, it was the duty of the defendant SHORE PARKWAY ASSOCIATES, LLC, its servants, agents and/or employees to properly and adequately maintain the premises known as 3907 Shore Parkway, County of Kings, City and State of New York in a reasonably safe and suitable condition and repair.

31. That at all times mentioned herein, there existed a certain interior stairs and/or steps upon the premises located at 3907 Shore Parkway, County of Kings, City and State of New York.

32. That at all times mentioned herein, defendant SHORE PARKWAY ASSOCIATES, LLC, its agents, servants and/or employees designed said interior stairs and/or steps upon said premises.

33. That at all times mentioned herein, defendant SHORE PARKWAY ASSOCIATES, LLC its agents, servants and/or employees installed said interior stairs and/or steps upon said premises.

34. That at all times mentioned herein, defendant SHORE PARKWAY ASSOCIATES, LLC, its agents, servants and/or employees constructed said interior stairs and/or steps upon said premises.

35. That at all times mentioned herein, it was the duty of the defendant, SHORE PARKWAY ASSOCIATES, LLC, its servants, agents and/or employees to properly and adequately maintain the said interior stairs and/or steps of said premises in a reasonably safe and suitable condition and repair.

36. That at all times mentioned herein, defendant, SHORE PARKWAY ASSOCIATES, LLC, its agents, servants and/or employees, failed to properly and adequately

Case 1:19-cv-05761-CBA-SJB Document 1-1 Filed 10/11/19 Page 9 of 17 PageID #: 14

From: Jennifer Figueroa  Fax: 18773656753  To:  Fax: (888) 325-8127  Page: 9 of 17  E 04/17/2019 10:11 AM  019
NYSCEF DOC. NO. 1  RECEIVED NYSCEF: 02/22/2019

maintain said interior stairs and/or steps upon the premises known as 3907 Shore Parkway, County of Kings, City and State of New York in a reasonably safe condition and in suitable repair.

37. That at all times mentioned herein, defendant SHORE PARKWAY OWNER, LLC was a foreign limited liability company duly organized and existing under and by virtue of the laws of the State of Delaware.

38. That at all times mentioned herein, defendant SHORE PARKWAY OWNER, LLC was a foreign limited liability company duly authorized to conduct business in the State of New York.

39. That at all times mentioned herein, defendant SHORE PARKWAY OWNER, LLC was a limited liability company or other business entity doing business in the State of New York, pursuant to the laws of the State of New York

40. That at all times mentioned herein, the defendant, SHORE PARKWAY OWNER, LLC, was the owner of the premises known as 3907 Shore Parkway, County of Kings, City and State of New York.

41. That at all times mentioned herein, the defendant, SHORE PARKWAY OWNER, LLC, its servants, agents and/or employees operated the premises known as 3907 Shore Parkway, County of Kings, City and State of New York.

42. That at all times mentioned herein, the defendant, SHORE PARKWAY OWNER, LLC, its servants, agents and/or employees maintained the premises known as 3907 Shore Parkway, County of Kings, City and State of New York.

43. That at all times mentioned herein, the defendant, SHORE PARKWAY OWNER, LLC, its servants, agents and/or employees managed the premises known as 3907 Shore Parkway, County of Kings, City and State of New York.

44. That at all times mentioned herein, the defendant, SHORE PARKWAY OWNER, LLC, its servants, agents and/or employees controlled the premises known as 3907 Shore Parkway, County of Kings, City and State of New York.

45. That at all times mentioned herein, the defendant, SHORE PARKWAY OWNER, LLC, its servants, agents and/or employees supervised the premises known as 3907 Shore Parkway, County of Kings, City and State of New York.

46. That at all times mentioned herein, the defendant, SHORE PARKWAY OWNER, LLC, its servants, agents and/or employees designed the premises known as 3907 Shore Parkway, County of Kings, City and State of New York.

47. That at all times mentioned herein, the defendant, SHORE PARKWAY OWNER, LLC , its servants, agents and/or employees constructed the premises known as 3907 Shore Parkway, County of Kings, City and State of New York.

48. That at all times mentioned herein defendant SHORE PARKWAY OWNER, LLC, its servants, agents and/or employees performed repairs upon the premises known as 3907 Shore Parkway, County of Kings, City and State of New York.

49. That at all times mentioned herein, it was the duty of the defendant SHORE PARKWAY OWNER, LLC, its servants, agents and/or employees to properly and adequately maintain the premises known as 3907 Shore Parkway, County of Kings, City and State of New York in a reasonably safe and suitable condition and repair.

50. That at all times mentioned herein, there existed a certain interior stairs and/or steps upon the premises located at 3907 Shore Parkway, County of Kings, City and State of New York.

51. That at all times mentioned herein, defendant SHORE PARKWAY OWNER, LLC, its agents, servants and/or employees designed said interior stairs and/or steps upon said premises.

52. That at all times mentioned herein, defendant SHORE PARKWAY OWNER, LLC its agents, servants and/or employees installed said interior stairs and/or steps upon said premises.

53. That at all times mentioned herein, defendant SHORE PARKWAY OWNER, LLC, its agents, servants and/or employees constructed said interior stairs and/or steps upon said premises.

54. That at all times mentioned herein, it was the duty of the defendant, SHORE PARKWAY OWNER, LLC, its servants, agents and/or employees to properly and adequately maintain the said interior stairs and/or steps of said premises in a reasonably safe and suitable condition and repair.

55. That at all times mentioned herein, defendant, SHORE PARKWAY OWNER, LLC, its agents, servants and/or employees, failed to properly and adequately maintain said interior stairs and/or steps upon the premises known as 3907 Shore Parkway, County of Kings, City and State of New York in a reasonably safe condition and in suitable repair.

56. That at all times mentioned herein, the defendant, JORDACHE ENTERPRISES, INC., was the owner of the premises known as 3907 Shore Parkway, County of Kings, City and State of New York.

57. That at all times mentioned herein, the defendant, JORDACHE ENTERPRISES, INC., its servants, agents and/or employees operated the premises known as 3907 Shore Parkway, County of Kings, City and State of New York.

58. That at all times mentioned herein, the defendant, JORDACHE ENTERPRISES, INC., its servants, agents and/or employees maintained the premises known as 3907 Shore Parkway, County of Kings, City and State of New York.

59. That at all times mentioned herein, the defendant, JORDACHE ENTERPRISES, INC., its servants, agents and/or employees managed the premises known as 3907 Shore Parkway, County of Kings, City and State of New York.

60. That at all times mentioned herein, the defendant, JORDACHE ENTERPRISES, INC., its servants, agents and/or employees controlled the premises known as 3907 Shore Parkway, County of Kings, City and State of New York.

61. That at all times mentioned herein, the defendant, JORDACHE ENTERPRISES, INC., its servants, agents and/or employees supervised the premises known as 3907 Shore Parkway, County of Kings, City and State of New York.

62. That at all times mentioned herein, the defendant, JORDACHE ENTERPRISES, INC., its servants, agents and/or employees designed the premises known as 3907 Shore Parkway, County of Kings, City and State of New York.

63. That at all times mentioned herein, the defendant, JORDACHE ENTERPRISES, INC., its servants, agents and/or employees constructed the premises known as 3907 Shore Parkway, County of Kings, City and State of New York.

64. That at all times mentioned herein defendant JORDACHE ENTERPRISES, INC. its servants, agents and/or employees performed repairs upon the premises known as 3907 Shore Parkway, County of Kings, City and State of New York.

65. That at all times mentioned herein, it was the duty of the defendant JORDACHE ENTERPRISES, INC. its servants, agents and/or employees to properly and adequately maintain the premises known as 3907 Shore Parkway, County of Kings, City and State of New York in a reasonably safe and suitable condition and repair.

66. That at all times mentioned herein, there existed a certain interior stairs and/or steps upon the premises located at 3907 Shore Parkway, County of Kings, City and State of New York.

From: Jennifer Figueroa   Fax: 18773656753   To:   Fax: (888) 325-8127   Page: 13 of 17   E 04/17/2019 10:11 AM
NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 02/22/2019

67. That at all times mentioned herein, defendant JORDACHE ENTERPRISES, INC. its agents, servants and/or employees designed said interior stairs and/or steps upon said premises.

68. That at all times mentioned herein, defendant JORDACHE ENTERPRISES, INC. its agents, servants and/or employees installed said interior stairs and/or steps upon said premises.

69. That at all times mentioned herein, defendant JORDACHE ENTERPRISES, INC. its agents, servants and/or employees constructed said interior stairs and/or steps upon said premises.

70. That at all times mentioned herein, it was the duty of the defendant, JORDACHE ENTERPRISES, INC., its servants, agents and/or employees to properly and adequately maintain the said interior stairs and/or steps of said premises in a reasonably safe and suitable condition and repair.

71. That at all times mentioned herein, defendant, JORDACHE ENTERPRISES, INC., its agents, servants and/or employees, failed to properly and adequately maintain said interior stairs and/or steps upon the premises known as 3907 Shore Parkway, County of Kings, City and State of New York

72. That on the 23rd day of August, 2016, the plaintiff KISHA COSTON, was lawfully present on the premises known as 3907 Shore Parkway, County of Kings, City and State of New York.

73. That on the 23rd day of August, 2016, the plaintiff KISHA COSTON, was lawfully present on the premises known as 3907 Shore Parkway, County of Kings, City and State of New York, more specifically on the interior stairs and/or steps of said premises.

74. That on the 23rd day of August, 2016, the plaintiff KISHA COSTON, was caused to be injured while she was lawfully present upon the aforesaid interior step and/or steps.

75. That on the 23rd day of August, 2016, and for an unreasonably long period of time prior thereto, there existed a dangerous, defective, hazardous, unsafe, poorly lit, condition of said interior stairs and/or steps upon the premises known as 3907 Shore Parkway, County of Kings, City and State of New York.

76. That on the 23rd day of August, 2016, plaintiff was caused to be injured as a result of the dangerous, defective, hazardous, unsafe, poorly lit, condition existing on said interior stairs and/or steps upon the premises known as 3907 Shore Parkway, County of Kings, City and State of New York.

77. That prior to plaintiff's accident, defendants, their agents, servants and/or employees had actual and/or constructive notice of the dangerous, defective, hazardous, unsafe, poorly lit, condition existing on said interior stairs and/or steps upon the premises known as 3907 Shore Parkway, County of Kings, City and State of New York.

78. That prior to plaintiff's accident, defendants, their agents servants and/or employees caused and created the dangerous, defective, hazardous, unsafe, poorly lit, condition existing on said interior stairs and/or steps upon the premises known as 3907 Shore Parkway, County of Kings, City and State of New York.

79. That by reason of the foregoing, plaintiff was injured.

80. That the foregoing accident and plaintiff's resulting injuries were caused solely by reason of the carelessness and negligence on the part of the defendants, their agents, servants and/or employees and without any negligence on the part of plaintiff contributing thereto.

81. That at all times mentioned herein, it was the duty of the defendants, and each of them, to warn those lawfully upon the aforementioned premises of the dangerous, defective, hazardous, unsafe, poorly illuminated, and traplike condition upon the aforesaid interior step and/or steps.

82. That at all times mentioned herein the defendants, their agents, servants and/or employees failed to warn those lawfully upon the aforementioned premises of the dangerous, defective, poorly illuminated, hazardous, unsafe and traplike condition upon the aforesaid interior step and/or steps.

83. That by reason of the foregoing, this plaintiff was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such injuries; plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and plaintiff has suffered and in the future will necessarily suffer additional loss of time and earnings from employment; and plaintiff will be unable to pursue the usual duties with the same degree of efficiency as prior to this occurrence all to plaintiff's great damage.

84. That this action falls within one or more of the exceptions set forth in CPLR Section 1602.

85. Pursuant to CPLR Section 1602(2)(iv), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that said defendants owed plaintiff a non-delegable duty of care

86. Pursuant to CPLR Section 1602(7), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that said defendants acted with reckless disregard for the safety of others.

87. Pursuant to CPLR Section 1602(2)(iv), defendants are jointly and severally liable for all of plaintiff's damages including but not limited to plaintiff's non-

From: Jennifer Figueroa   Fax: 18773656753   To:   Fax: (888) 325-8127   Page: 16 of 17   E 04/17/2019 10:11 AM   019
NYSCEF DOC. NO. 1                                                                                        RECEIVED NYSCEF: 02/22/2019

economic loss, irrespective of the provisions of CPLR 1601, by reason of the fact that said defendants are vicariously liable for the negligent acts and omissions of each other and/or others who caused or contributed to plaintiff's damages.

88.   That by reason of the foregoing, plaintiff has been damaged in an amount exceeding the jurisdictional limits of any and all lower Courts that would otherwise have jurisdiction herein.

WHEREFORE, plaintiff demands judgment against the defendants in an amount which exceeds the monetary jurisdictional limits of any and all lower courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action together with the costs and disbursements of this action, and with interest from the date of this accident.

Dated: New York, New York
       February 22, 2019

Yours, etc.,

BURNS & HARRIS, ESQS.
Attorneys for Plaintiff

By: /s/ Andrew G. Meier
ANDREW G. MEIER
233 Broadway, Suite 900
New York, NY 10279
(212) 393-1000

## ATTORNEY VERIFICATION

ANDREW G. MEIER, an attorney duly admitted to practice law in the Courts of the State of New York, shows:

I am the attorney for the plaintiffs in the within action and have read the contents of the foregoing **SUMMONS AND COMPLAINT** the same is true upon information and belief.

This verification is made by this affirmant and not by said plaintiff because said plaintiff reside(s) in a County other than the County wherein your affirmant maintains his office.

The grounds of affirmant's knowledge and belief are as follows: Conference with clients and notes and records contained in the file maintained in the regular course of business.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated: New York, New York
       February 22, 2019

_____
ANDREW G. MEIER